IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 23-454-4 |
| vs. | : | |
| MALIK PALMER | : | |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of Defendant's Motion to Modify the Conditions of his Pre-trial release, it is hereby ORDERED that defendant's motion is granted.

Defendant's conditions of pretrial release are hereby modified as follows: The conditions requiring "Home Detention" and "Electronic Monitoring are hereby removed. All other conditions of Defendant's pretrial release shall remain in place.

BY THE COURT:

_____
HON. Wendy Beetlestone              J
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 23-454** |
| vs. | : | |
| **MALIK PALMER** | : | |

### **DEFENDANT'S AMENDED THIRD MOTION FOR THE MODIFICATION OF THE CONDITIONS OF HIS PRETRIAL RELEASE**

Defendant, Malik Palmer, by and through his counsel, Arnold C. Joseph, Esquire, hereby moves for the entry of an Order modifying the conditions of his pretrial release removing the requirements of Home Detention and Electronic Monitoring, and states the following in support thereof:

1. On October 18, 2023, Mr. Palmer, along with several other individuals, was indicted by a Grand Jury sitting in the Eastern District of Pennsylvania and charged with Conspiracy to Commit offenses against the United States; Hobbs Act Robbery; Theft from Interstate Shipment; Theft of Government money; and Possession of Items from Interstate Shipment.

2. The charges arise out of the Government's contention that Mr. Scott conspired with others to steal and ultimately dispose of currency taken from a truck in the Eastern District of Pennsylvania.

3. On October 23, 2023, the Government filed a Motion for Pretrial Detention, which was denied by the Honorable Richard Lloret, after a hearing on October 24, 2023.

   4.  By order dated October 24, 2023, Mr. Palmer was placed under pretrial release supervision by Judge Lloret, who issued an order setting the following conditions of such release:

  a. 50,000 *o/r* bond;
  b. Defendant shall report to Pretrial Services.
  c. Defendant shall submit to random drug testing as directed by Pretrial Services.
  d. Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.
  e. Defendant shall submit to Location Monitoring at an address approved by pretrial services.
  f. Defendant shall refrain from excessive use of alcohol or from any use of a narcotic drug or other controlled substance, as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription by a licensed medical practitioner.
  g. Defendant shall surrender and/or refrain from obtaining a passport.
  h. Travel is restricted to the Eastern District of Pennsylvania unless prior permission is granted by Pretrial Services.
  i. Defendant shall surrender and/or refrain from obtaining any firearms.
  j. Defendant shall have no contact with co-defendants, potential witnesses in this case, or individuals engaged in any criminal activity.

   5.  On March 5, 2024, after having complied with all aspects of the Conditions of Release Order since its entry Mr. Palmer sought and was granted a modification of those conditions of release.

   6.  On September 12, 2024, the Government filed a Superseding Indictment in this Matter, which although it includes two additional counts against Mr. Palmer, it does not substantially alter his guideline sentence exposure.

   7.  On December 23, 2024, in spite of that fact and the fact that Mr. Palmer had never violated the conditions of his pretrial release the Government filed a motion for pretrial detention citing as its sole arguable basis the fact that on December 19, 2024, Mr. Palmer was arrested by

3

members of the Philadelphia Police department after a traffic stop when police located a shoe box containing stolen United States Treasury checks in the vehicle.

8. The Government failed to note in that motion, that Mr. Palmer was never charged with a crime insofar as the items seized were clearly in the possession of a passenger in the vehicle and not Mr. Palmer.

9. On December 23, 2024, after a hearing on the Government's motion the Honorable Jose Artega denied the Government's detention motion, however the Judge modified the conditions of release to once again include home detention and electronic monitoring.

10. Mr. Palmer is gainfully employed as a driver for Uber and Instacart. Upon information and belief pay stubs for that employment have been supplied to Mr. Palmer's pre-trial services officer.

11. Mr. Palmer's therapist has recommended that he engage in regular physical activity at a gym

12. Mr. Palmer would like to work longer hours, and be allowed to take on fares to New Jersey, which the current conditions do not allow, and to attend a gym on a daily basis and engage in other activities outside of his home.

13. AUSA Alexander Bowerman has advised that the Government objects to the modification.

14. For all of the above stated reasons, Mr. Palmer asks this court to issue an order modifying the Pretrial Release Order removing the Home Detention and Electronic Monitoring Conditions.

WHEREFORE, for all of the above-stated reasons, defendant Malik Palmer respectfully requests that this Court issue an Order modifying the conditions of his pretrial release removing the conditions of Home Detention and Electronic Monitoring.

Respectfully submitted,

/s/ Arnold C. Joseph
Arnold C. Joseph, Esquire
Joseph & Associates
1801 Market Street
Suite 2500
Philadelphia, Pa., 19103

Counsel for Defendant Malik Palmer