IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | **)** | |
| | **)** | |
| v. | **)** | Case #2:23-cr-00454-WB-010 |
| | **)** | |
| SALAHUDIN REDDY | **)** | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

TO THE HONORABLE WENDY BEETLESTONE, JUDGE OF THE SAID COURT:

The defendant, Salahudin Reddy, by and through his counsel, Andrew Montroy, Esquire, respectfully submits this Sentencing Memorandum and Motion for Downward Variance, requesting that this Honorable Court impose a sentence sufficient but not greater than necessary to achieve the statutory goals of sentencing pursuant to 18 U.S.C. §3553(a).

### I.    Procedural History

On December 11, 2024, a grand jury returned a ten-count superseding indictment against Salahudin Reddy and nine co-defendants. Mr. Reddy was charged with Conspiracy, in violation of 18 U.S.C. §371 [Count 1]; Theft from Interstate Shipment and Aiding and Abetting, in violation of 18 U.S.C. §§659 and 2 [Counts 4, 8, 9, and 10]; Theft of Government Money and Aiding and Abetting, in violation of 18 U.S.C. §§641 and 2 [Counts 5 and 6]; and Possession of Items from Interstate Shipment and Aiding and Abetting, in violation of 18 U.S.C. §§659 and 2 [Count 7].

On March 2, 2026, Mr. Reddy entered a pled guilty to Counts 1, 4, and 5 through 10 before this Honorable Court.

1

## II.    Sentencing Guidelines and Objections

The Government agrees that Mr. Reddy timely notified authorities of his intention to enter a guilty plea, demonstrating a clear recognition and affirmative acceptance of personal responsibility. This entitles him to a full three-level reduction under U.S.S.G. §3E1.1. Based upon his prior criminal history, Mr. Reddy is classified under Criminal History Category V. The parties, however, diverge on the applicable total offense level. The competing calculations are set forth below:

**TABLE 1: Current PSR Computation**

*Criminal History Category V*
*Total Offense Level: 23*
*Guideline Range: 84 to 105 months*

| Guideline Provision | Description | Level |
|---|---|---|
| U.S.S.G. §2B1.1(a)(2) | Base Offense Level | 6 |
| U.S.S.G. §2B1.1(b)(1)(I) | Specific Offense Characteristics | +16 |
| U.S.S.G. §2B1.1(b)(2)(A) | Specific Offense Characteristics (10 or more victims) | +2 |
| U.S.S.G. §2B1.1(b)(15)(B) | Specific Offense Characteristics (organized scheme) | +2 |
| Subtotal | Adjusted Offense Level | 26 |
| U.S.S.G. §3E1.1(a) & (b) | Acceptance of Responsibility | -3 |
| Total | Total Offense Level | 23 |

2

**TABLE 2: Defendant's Requested Computation**

*Criminal History Category V*
*Total Offense Level: 19*
*Guideline Range: 57 to 71 mon11ths*

| Guideline Provision | Description | Level |
|---|---|---|
| U.S.S.G. §2B1.1(a)(2) | Base Offense Level | 6 |
| U.S.S.G. §2B1.1(b)(1)(I) | Specific Offense Characteristics | +14 |
| U.S.S.G. §2B1.1(b)(2)(A) | Specific Offense Characteristics (10 or more victims) | +2 |
| Subtotal | Adjusted Offense Level | 22 |
| U.S.S.G. §3E1.1(a) & (b) | Acceptance of Responsibility | -3 |
| Total | Total Offense Level | 19 |

## II.    Objections to Presentence Investigation Report ("PSR")

*A. Objection to the 16-Level Loss Enhancement (Paragraph 69)*

The PSR applies a 16-level enhancement based on a total attributed loss amount of $1,507,380.75. Pursuant to U.S.S.G. §2B1.1(b)(1)(I), a 16-level increase triggers only if the loss exceeds $1,500,000. Under Application Note 3(C), "the sentencing court is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference."

The margin elevating this offense into the 16-level tier is a nominal $7,381—a mere 0.4% over the threshold. The Government's valuation relies on a Samsung Electronics invoice pricing 75-inch televisions at $3,587 per unit. An overvaluation of just $71.66 per unit would drop the total calculation below $1.5 million. Given that retail

and wholesale values fluctuate, and because this microscopic margin disproportionately inflates Mr. Reddy's guideline range, the Court should exercise its discretion to apply the 14-level enhancement.

### B. Objection to the 2-Level "Cargo Shipment" Enhancement Pursuant to U.S.S.G. §2B1.1(b)(12)

Mr. Reddy objects to the 2-level enhancement for an organized scheme to steal cargo moving in interstate commerce. The Commentary to §2B1.1 explicitly limits "cargo shipment" to include cargo transported by "a rail car, bus, steamboat, vessel, or airplane." A tractor-trailer is notably absent from this enumerated list. Because the guidelines must be construed strictly and predictable omissions respected, this enhancement is legally inapplicable.

### C. Objection to the 1-Point Criminal History Recency Increase Pursuant to U.S.S.G. §4A1.1(e)

Mr. Reddy objects to the addition of one criminal history point for allegedly committing the instant offenses while under a term of active supervision. Mr. Reddy maintains that his state supervision had naturally expired prior to the conduct alleged. This is corroborated by the state court record: when this matter was initially initiated at the state level, the relevant parole and probation authorities did not lodge a detainer, confirming that he was not viewed as being in violation of active supervision.

## III.   Grounds for a Downward Variance

### The Disproportionate Impact of Pre-Involvement Loss Amounts

A downward variance is independently warranted under 18 U.S.C. §3553(a) to correct a fundamental unfairness in how the loss guidelines penalize Mr. Reddy. While the conspiracy as a whole stretched back over a longer timeline, Mr. Reddy's active, personal participation did not begin until April. Despite entering the scheme late, the

strict mechanics of relevant conduct hold him accountable for the massive aggregate financial loss accrued by the conspiracy long before he was ever involved. To sentence Mr. Reddy based entirely on a loss table that reflects months of prior criminal activity by others creates an unwarranted sentencing disparity and overstates his true culpability. A downward variance below the calculated loss range is necessary to ensure his sentence reflects his actual personal involvement rather than the historical acts of co-conspirators.

*Personal History and Characteristics of the Defendant*

Mr. Reddy was born on February 28, 1987, to James English and Tamika Reddy. His childhood was marked by severe instability and systemic deprivation. His father was incarcerated for most of the Mr. Reddy's life, with virtually no contact. His mother, while remaining in his life, suffered from severe, life-long substance abuse issues, forcing Mr. Reddy to spend much of his formative years under the care of his maternal grandparents.

Growing up in North Philadelphia, his environment was defined by persistent neighborhood violence, open drug activity, frequent housing displacement, and food scarcity. Despite this chaotic upbringing, his mother and grandparents worked hard to provide a loving home. Today, his mother is battling Stage IV lung cancer. Through her hard-won sobriety and facing this terminal illness, her relationship with Mr. Reddy has deeply repaired and matured; his impending absence will weigh heavily on her remaining time. While he has several paternal half-siblings, his primary, enduring familial bonds remain with his maternal half-siblings.

*Family Responsibilities*

On October 27, 2003, the Sentencing Commission amended U.S.S.G. §5H1.6 (Application Note 1B) to outline specific benchmarks for downward departures based on extraordinary family ties and responsibilities. Leniency is warranted when a defendant's incarceration causes a substantial, direct, and irreplaceable loss of essential caretaking or financial support that substantially exceeds the harm ordinarily incident to incarceration.

Mr. Reddy is the proud father of three children, ages 18, 17, and 3 years old. He has consistently maintained an active, hands-on role in their lives, providing essential emotional guidance and voluntary financial support without the compulsion of a court order. As noted in Paragraph 128 of the PSR, his sudden removal from the household has already placed an extraordinary and profound psychological and financial strain on his children.

*Employment History and Battle with Addiction*

Mr. Reddy has demonstrated a capacity for legitimate, gainful employment, as detailed in Paragraphs 149 and 150 of the PSR. He previously operated an independent entertainment company and worked productively as a home health aide. He is entirely candid about the fact that these legitimate opportunities were derailed by a severe, underlying gambling addiction.

Rather than deflecting blame, Mr. Reddy acknowledges that this addiction has been a destructive force in his life and understands that comprehensive, professional treatment is vital to halting further recidivism. While incarcerated at SCI Coal Township in Pennsylvania, Mr. Reddy earned a secondary school diploma. He hopes to enroll in business development courses facilitated by the Bureau of Prisons.

**IV.    Section 3553(a) Factors and Conclusion**

Mr. Reddy has accepted full, unreserved responsibility for his conduct. He harbors no illusions about the seriousness of his offenses or the impact they have had on the community. His prompt decision to plead guilty stands as concrete evidence of genuine remorse.

When fashioning a sentence that is "sufficient, but not greater than necessary," this Court is respectfully urged to consider:

- His swift acceptance of responsibility and proactive notification to the Government.

- His complete truthfulness in providing all available information regarding the offense pursuant to U.S.S.G. §3E1.1.

- The profound, adverse impact a lengthy sentence will have on his dependent children and terminally ill mother.

- His late entry into the conspiracy, which makes a guideline-range sentence based on total aggregate loss deeply disproportionate to his personal culpability.

Mr. Reddy deeply regrets his actions and the fallout they have brought upon his loved ones. Over the final months leading to this day, he has utilized his time in reflection, fully comprehending where poor choices have led him.

**WHEREFORE**, the defendant, Salahudin Reddy, respectfully requests that this Honorable Court sustain his objections to the PSR calculations, grant his Motion for a Downward Variance, and impose an appropriate sentence tailored to his actual role and personal history in accordance with 18 U.S.C. §3553(a).

Respectfully submitted,

_Andrew D. Montroy_
Law Offices of Andrew David Montroy
By: Andrew David Montroy, Esquire
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 735-1850 (office)
(215) 735-1868 (fax)
AMontroy@gmail.com
Attorney for Defendant

DATED: June 5, 2026

ATTACHMENTS:
Exhibit "A" – character letters

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | **)** | |
| | **)** | |
| v. | **)** | Case #2:23-cr-00454-WB-010 |
| | **)** | |
| SALAHUDIN REDDY | **)** | |

## CERTIFICATE OF SERVICE

I, Andrew David Montroy, hereby certify that I am on this 5th day of June 2026,

electronically filing the defendant's Sentencing Memorandum and Motion for Downward

Variance using the CM/ECF System, which will automatically send notification of same to all

counsel of record. I am also emailing a copy of same to the following:

Alexander B. Bowerman, Asst. U.S. Atty.
Alexander.Bowerman@usdoj.gov

Jerronaka D. Washington, U.S. Probation Officer
Jerronaka_Washington@paep.uscourts.gov

*Andrew D. Montroy*

Law Offices of Andrew David Montroy
By: Andrew David Montroy, Esquire
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 735-1850 (office)
(215) 735-1868 (fax)
AMontroy@gmail.com

DATED: June 5, 2026                              Attorney for Defendant

9

EXHIBIT "A"

**Donna Lombardo**

**To:** Andrew Montroy
**Subject:** RE: Salahudin Reddy character letter

Begin forwarded message:

**From:** Sade Bond <sadebond1@yahoo.com>
**Date:** June 1, 2026 at 6:28:19 AM EDT
**To:** AMONTROY@gmail.com
**Subject: Salahudin Reddy character letter**

Dear Your Honor

My name is Niema Anderson and I am writing this letter on behalf of my cousin, Salahudin Reddy I have known him my entire life, and I would like to share my personal experience with his character.

My cousin is a loving, caring, and generous person. He is a devoted father to his three children and has always worked hard to provide for them and be present in their lives. Family means everything to him, and I have personally seen the love and support he gives to those around him.

Throughout my life, he has been someone I could depend on. Whether I was struggling emotionally or financially, he has always done his best to help me whenever he could. He has offered guidance, encouragement, and support during difficult times, and I will always be grateful for that.

While he has made mistakes and faced challenges, I do not believe those mistakes define who he is as a person. I believe he is capable of learning from his past and making positive changes moving forward. Given the opportunity, I truly believe he can continue to grow, provide for his children, and become an even stronger member of our community & Family if given another chance.

I respectfully ask the Court to consider his character, his commitment to his family, and the positive impact he has had on the people who love him. I believe he deserves an opportunity to demonstrate that he can move forward in a better direction and create a brighter future for himself and his children.

Thank you for your time and consideration.

Sincerely,

Niema Anderson

**Donna Lombardo**

---

**To:**                          Andrew Montroy
**Subject:**                     RE: Salahudin Reddy character letter


Begin forwarded message:

**From:** Sade Bond <sadebond1@yahoo.com>
**Date:** June 1, 2026 at 6:28:19 AM EDT
**To:** AMONTROY@gmail.com
**Subject: Salahudin Reddy character letter**

Dear Your Honor

My name is Niema Anderson and I am writing this letter on behalf of my cousin, Salahudin Reddy I have known him my entire life, and I would like to share my personal experience with his character.

My cousin is a loving, caring, and generous person. He is a devoted father to his three children and has always worked hard to provide for them and be present in their lives. Family means everything to him, and I have personally seen the love and support he gives to those around him.

Throughout my life, he has been someone I could depend on. Whether I was struggling emotionally or financially, he has always done his best to help me whenever he could. He has offered guidance, encouragement, and support during difficult times, and I will always be grateful for that.

While he has made mistakes and faced challenges, I do not believe those mistakes define who he is as a person. I believe he is capable of learning from his past and making positive changes moving forward. Given the opportunity, I truly believe he can continue to grow, provide for his children, and become an even stronger member of our community & Family if given another chance.

I respectfully ask the Court to consider his character, his commitment to his family, and the positive impact he has had on the people who love him. I believe he deserves an opportunity to demonstrate that he can move forward in a better direction and create a brighter future for himself and his children.

Thank you for your time and consideration.

Sincerely,

Niema Anderson

1

**Donna Lombardo**

**To:**                          Andrew Montroy
**Subject:**                  Character letter for Salahudin Reddy

Begin forwarded message:

> **From:** Neef Buck <gifiboss@yahoo.com>
> **Date:** May 19, 2026 at 11:52:09 AM EDT
> **To:** AMONTROY@gmail.com
> **Subject: Character letter for Salahudin Reddy**

Dear Judge

I am writing to you on behalf of the Tough Luv Foundation regarding the upcoming sentencing of Salahudin Reddy, a member of our community. We understand the seriousness of the charges against him and the impact of his actions. However, we urge Your Honor to consider a more understanding approach in determining his sentence.

Salahudin Reddy has been a part of our program at Tough Luv Foundation, where we work with individuals in difficult circumstances to provide support, guidance, and mentorship. Throughout his time with us, Salahudin has shown a deep commitment to bettering himself and has actively participated in various counseling sessions, skill-building workshops, and community service projects.

While we do not condone any wrongdoing, we believe that Salahudin is truly remorseful for his actions and is dedicated to making amends for the harm he has caused. He has expressed a sincere desire to turn his life around, and we have seen firsthand the positive steps he has taken towards rehabilitation.

We understand the need for accountability and justice, but we also believe in the power of redemption and second chances. Salahudin Reddy is more than his mistakes, and we respectfully ask Your Honor to consider this as you deliberate on his sentencing.

Thank you for considering our perspective, and we appreciate your attention to this matter.

Sincerely,

Hanif Muhammad Tough Luv Foundation

Sent from Yahoo Mail for iPhone

## Donna Lombardo

**To:**            Andrew Montroy
**Subject:**       RE: Character Letter on Behalf of Salahudin Reddy Hello, Please see below the character letter on behalf of Salahudin Reddy.

Begin forwarded message:

**From:** Elan Jackson <ejackson7419@gmail.com>
**Date:** May 19, 2026 at 12:49:29 PM EDT
**To:** Andrew Montroy <amontroy@gmail.com>
**Subject: Character Letter on Behalf of Salahudin Reddy Hello, Please see below the character letter on behalf of Salahudin Reddy.**

To Your Honor,

I am writing this letter on behalf of **Salahudin Reddy** as he comes before the Court for sentencing. I respectfully ask that Your Honor consider this letter in support of leniency, compassion, and a sentence that allows for accountability while also recognizing Salahudin's character, family responsibilities, and potential for rehabilitation.

Salahudin is not only a defendant before the Court. He is a father, a son, a brother, a caregiver, and a deeply important member of his family. Those who know him understand that he has long been viewed as a source of leadership, stability, and guidance. Within his family and among those close to him, Salahudin is someone people look to in difficult moments. He has been a steady presence, a protector, a provider, and a person who others rely on for strength.

Most importantly, Salahudin's mother is currently battling cancer. During this serious and painful health journey, Salahudin has served as one of her primary caregivers and her main go-to person. His role in her life is not minor or occasional. He has provided mental, physical, and spiritual support. He has helped keep her encouraged, comforted, and grounded through the fear and uncertainty that come with a life-threatening illness.

Before his incarceration, Salahudin was physically present for his mother in ways that mattered deeply. He helped take her to doctor's appointments, stayed with her during those appointments, communicated with doctors and nurses, kept up with her medical needs, and helped make sure she was not forced to face her illness alone. His presence gave her comfort. His support gave her strength. His involvement helped bring order and stability to a very difficult situation.

With Salahudin being away, his mother and family have been left with a painful lack of support. His absence has created a real hardship, especially for his mother, who depends on him emotionally, physically, and spiritually. At a time when she needs care, consistency, and family around her, the loss of Salahudin's daily presence has made an already heavy burden even harder to carry. His mother needs her son. His family needs his leadership. His household needs the stability he provides.

Salahudin is also the father of three children. His children need their father's presence, discipline, love, guidance, and example. They need him to teach them right from wrong, to support them emotionally, and to help guide them toward positive choices. The impact of a father's absence is deep, especially when children are still growing and learning how to navigate the world. Salahudin's continued connection to his children is essential to their emotional well-being and development.

1

I also respectfully ask the Court to consider Salahudin's ability to accept responsibility and reflect on the seriousness of his situation. Even while incarcerated, Salahudin has begun using his experience to mentor others. He has spoken to people about the harsh reality of being separated from family, the pain caused by poor decisions, and the importance of living honestly. He has tried to use his current circumstances as a warning to others so they do not have to experience the same consequences.

That reflection is meaningful. It shows that Salahudin is not ignoring this moment or taking it lightly. He understands that choices have consequences. He understands the pain his absence has caused. He has shown a willingness to learn, grow, and use his experience to encourage others to choose a better path. That speaks to his character, his leadership, and his potential for true rehabilitation.

I do not write this letter to excuse wrongdoing or to minimize the seriousness of the matter before the Court. Accountability is important. However, I respectfully believe that accountability and mercy can exist together. A compassionate sentence can still recognize the seriousness of the situation while also preserving Salahudin's ability to remain connected to his children, support his mother through her cancer battle, and continue growing into the responsible man his family and community need him to be.

Your Honor, I respectfully ask that the Court consider leniency in sentencing. I ask that the Court consider the hardship his family is facing, the seriousness of his mother's illness, his role as her caregiver, his importance as a father, and the evidence of his reflection and rehabilitation. Salahudin's family is stronger with him present. His mother's fight is easier with him by her side. His children's future is brighter with their father actively involved.

Thank you for your time, attention, and thoughtful consideration.

Respectfully submitted,

Elan Jackson